### DELGER *v.* CITY OF ST. PAUL.

*(Circuit Court, D. Minnesota.* December, 1882.)

1. MUNICIPAL CORPORATION — NEGLIGENCE — FAILURE TO KEEP SIDEWALKS IN REPAIR.

   A municipality having, by its charter and by-laws, charge of the streets and sidewalks, with power to compel by assessment repairs to the same, is bound to keep them in good and safe condition, and will be liable for damages to a person who, without negligence on his part, is damaged by reason of its failure to so repair, provided the city authorities knew the existence of the cause of the injury, or were informed of it, or such a state of circumstances is disclosed that notice would be implied.

2. BURDEN OF PROOF — CONTRIBUTORY NEGLIGENCE TO DEFEAT RECOVERY.

   The burden of proof is with the plaintiff to establish negligence. If the plaintiff materially contributed to the injuries by her own negligence, she cannot recover. The law in such cases is well settled, and the question is purely one of facts for the jury.

NELSON, D. J.  The plaintiff brings suit against the city of St. Paul to recover damages for an injury resulting, as she claims, from the negligence of the corporate authorities of the city in permitting a pit or hole to remain open, partly on the street and partly on the sidewalk, into which she fell in the evening while passing from the bridge over this sidewalk leading up a public street in the Sixth ward. The facts are in evidence before you. The city claims the evidence shows that it exercised all the care and caution necessary to make this sidewalk and street safe; that the opening was filled up so that it was sufficient for the purpose for which it was used; and that no negligence of the city authorities is proved. The burden of proof is upon the plaintiff to establish negligence before she can recover. She must show that the city failed to exercise the care and caution required to put this sidewalk in safe condition. The law is well settled, and there is no controversy between the parties upon the legal duties of the city, and the care and caution required of the plaintiff. It is this as applied to the case: The municipality of St. Paul, by its charter and by-laws, has charge and control of the streets and sidewalks. It can open and authorize the grade of streets, and the

construction and repair of sidewalks. By its charter it is furnished with power to compel by assessments the repair of the public streets and sidewalks within the corporate limits, and is required and bound to keep them in good and safe condition. If an opening was left in the street or sidewalk, and the plaintiff, coming along in the evening, when dark, falls into such opening or hole without negligence on her part,—that is, without the want of such care and caution as the circumstances require,—and is thereby injured, the city is liable for the damages sustained by the injury thus inflicted; provided the city authorities knew of the existence of the cause of the injury, or were informed of it, or such a state of circumstances is disclosed by the evidence that notice would be implied.

If the plaintiff has been guilty of negligence on her part, which materially contributed to the injury sustained, then she cannot recover. The municipal government would not be liable for an injury which was the result of her own misfortune. This is peculiarly a question of fact, and you will apply the law laid down by the court to this case.

The city authorities, when they had notice of this pit-hole, this dangerous place, would have a reasonable time to repair it, and they claim it was in process of being repaired, and was put in such condition that it was ordinarily safe for passengers. That is for you to determine. If they were repairing it, and it was put in ordinarily safe condition, and no warning was given or light placed to indicate there was any such dangerous hole, the city cannot be excused from liability if the injury happened through such negligence solely. That is the law, and if you find in this case the city was not guilty of negligence, your verdict must be for the defendant. If you find the city was guilty of negligence, and that the plaintiff in this case exercised due care, and has not contributed by her own negligence to the injury sustained, then you will consider the amount of damages which she is entitled to recover. The rule is this: she is entitled to recover actual expenses, including medical attendance, if any has been proven; if not, then you are to give her such reasonable amount as you think will compensate her for the injury sustained. If any permanent injury is proven, you must award such compensation as you think will remunerate her for that, and also for any mental and bodily distress.